JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**14  7176**

## I. (a) PLAINTIFFS
Thomas Tompkins

### DEFENDANTS
Sikorsky Global Helicopters, Inc.

**(b)** County of Residence of First Listed Plaintiff: **Lancaster**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Chester**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Dion & Goldberger, Samuel A. Dion, Esq.
1845 Walnut Street, Suite 1199, Philadelphia, PA 19103
215-546-6033

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA

Brief description of cause:
Wrongful termination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE: 12/15/2014
SIGNATURE OF ATTORNEY OF RECORD

DEC 18 2014

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

14 7176

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 803 Rte. 41, Gap, PA 17527

Address of Defendant: 110 East Stewart Hudson Drive, Coatesville, PA 19320

Place of Accident, Incident or Transaction: 110 East Stewart Hudson Drive, Coatesville, PA 19320
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) ADA

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

DEC 18 2014

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Samuel A. Dion, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: 12/12/14   Samuel A. Dion   55761
                 Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/12/14   Samuel A. Dion   55761
                 Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Thomas Tompkins : CIVIL ACTION
v.
Sikorsky Gobal Helicopters, Inc : NO. 14 7176

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

| 12/14/14 | Samuel A. Dion | Thomas Tompkins |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-546-6033 | 215-546-6269 | Samueldion@aol.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

DEC 1 8 2014

# DION & GOLDBERGER

ATTORNEYS AT LAW

Samuel A. Dion
*Member of PA and NJ Bar*

Benson I. Goldberger
*Member of PA Bar*

1845 Walnut Street
Suite 1199
Philadelphia, PA 19103

(215) 546-6033
Toll Free (800) 346-6726
Fax (215) 546-6269
Website www.dionandgoldberger.com

LS

December 16, 2014

14   7176

United States District Court
For Eastern District of Pennsylvania
Office of the Clerk of Court
U.S. Courthouse
601 Market Street, Rm 2609
Philadelphia, PA 19106-1797

Re:   Thomas Tompkins vs. Sikorsky Global Helicopters, Inc.
      Filing of Civil Action Complaint

Dear Sir/Madam:

  Enclosed please find an original and one copy of the complaint in the above-referenced matter including a check for $400.00, a PDF, and a self-addressed stamped envelope. Kindly time-stamp the copy and send it back to us in the envelope.
  Thank you for your courtesy and assistance in this matter.

          Very truly yours,

          Katie Bobb
          Legal Assistant

Enclosure w/ SASE
Via regular mail

$400.00

LS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS TOMPKINS | NO. 14  7176 |
| vs. | |
| SIKORSKY GLOBAL HELICOPTERS, INC. | JURY DEMAND |

FILED
DEC 18 2014
MICHAEL E. KUNZ, C...
By___ Dep. Cl...

### CIVIL ACTION COMPLAINT

Jurisdiction

1. This court has jurisdiction over this matter pursuant to The Americans With Disabilities Act of 1990 (hereinafter "ADA"). This lawsuit was filed with 90 days of the plaintiff's receipt of a right to sue letter from the EEOC.

Facts

2. Plaintiff, Thomas Tompkins, is an adult individual who suffers from paruresis, and resides at 863 Rte. 41, Gap, PA 17527.

3. The defendant, Sikorsky Global Helicopters, Inc., is a corporation which has a place of business located in this Judicial District at 110 East Stewart Hudson Drive, Coatesville, PA 19320.

4. Defendant employs hundreds of people.

5. Plaintiff was first hired by defendant as an aircraft fabrication sheet metal worker on November 6, 2006.

6. On November 12, 2013, plaintiff was directed to undergo a random urinalysis test.

7. Plaintiff was unable to produce a urine sample in the three hour time period required by defendant's policy due to his paruresis.

8. As a result of his inability to produce a urine sample, plaintiff was suspended by the defendant.

9. Shortly thereafter, I went for a medical evaluation at the VA Hospital in Coatesville, PA.

10. Plaintiff provided a full history of what occurred at the workplace and he was evaluated by a psychiatrist who diagnosed him with paruresis (also known as shy bladder syndrome). The psychiatrist explained that plaintiff was unable to produce a urine sample due to paruresis.

11. Paruresis qualifies as a disability pursuant to the ADA because it affects at least one major life activity including urination. Plaintiff was able to perform his job without reasonable accommodation unless he was required to urinate at the workplace, which would require accommodation.

12. Plaintiff's psychiatrist sent a document to defendant notifying it of his condition and requesting a reasonable accommodation. The reasonable accommodation requested was for him to undergo an alternative test other than a urine analysis.

13. The defendant's human resources representative, Joe Tauber, forwarded the document to the defendant's medical review officer.

14. Plaintiff believes that a reasonable accommodation could have been made for his disability so that he could continue working for the defendant. In fact, he underwent a five panel hair follicle drug test on December 12, 2013, which was negative. The

results of the five panel hair follicle test confirmed that he did not have any drugs in his system for the prior three months.

15. Defendant did not engage in an interactive process with plaintiff and his physician to determine if a reasonable accommodation could have been made by defendant.

16. The defendant's proffered reason for plaintiff's termination violated the ADA, because plaintiff requested an accommodation which could have led to a reasonable accommodation if defendant properly engaged in an interactive process with plaintiff and his physician.

17. The defendant's proffered reason for plaintiff's termination was false and mere pretext to mask the true reason for termination.

18. The true reason why plaintiff was terminated by defendant was because plaintiff suffered from a disability and requested an accommodation.

19. Defendant and its agents acted at all times material hereto with their authority to terminate the plaintiff.

20. Defendant's agents acted against plaintiff in a bigoted, willful and malicious manner.

21. Plaintiff was subjected to humiliation, embarrassment, and mental anguish as a consequence of his termination from employment.

22. Plaintiff sustained damages as a result of the unlawful conduct of defendant. Plaintiff seeks lost pay, benefits, compensatory damages for pain and suffering, punitive damages, attorneys fees and costs.

23. Plaintiff has engaged in great efforts to mitigate her damages by searching for new employment, but he has been unsuccessful in his efforts to find equivalent employment to date.

### COUNT 1-- DISABILITY DISCRIMINATION

24. Plaintiff repeats paragraphs 1-23 as if more fully set forth herein.

25. By and through its conduct, defendant violated the ADA by intentionally discriminating against the plaintiff and terminating his employment because he suffered from a disability and requested reasonable accommodations for his disability.

WHEREFORE, plaintiff demands that judgment be entered in her favor on Count 1 against defendant for lost pay, lost benefits, other financial losses, compensatory damages for emotional pain and suffering, punitive damages, attorneys fees and costs.

/s/ Samuel A. Dion

Samuel A. Dion, Esq.
Dion & Goldberger
1845 Walnut Street, Ste. 1199
Philadelphia, PA 19103
215-546-6033 (tel)
215-546-6269 (fax)
samueldion@aol.com
Attorneys for Plaintiff